UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY BENARD CLARK, | Case No. 17-CV-2040 (SRN/DTS) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Timothy Benard Clark was found guilty after a jury trial in the United States District Court for the Western District of Wisconsin on one count of possession with intent to distribute cocaine base and one count of conspiracy to do the same. *See United States v. Clark*, No.3:06-CR-0126-BBC-4 (W.D. Wis. judgment Feb. 6, 2007). At sentencing, the trial court determined that Clark was a career offender under § 4B1.1 of the United States Sentencing Guidelines and imposed a 360-month term of imprisonment. Clark — who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota — now brings both a petition for a writ of habeas corpus and a different motion for relief under 28 U.S.C. § 2241 (the general habeas corpus statute) challenging the legality of his conviction and sentence. *See* ECF Nos. 1 & 4. This Court has conducted a preliminary review of both the habeas petition and the motion for habeas corpus relief under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, this Court concludes that both must be dismissed without prejudice for lack of jurisdiction.

---

[1] Although these proceedings are not brought under § 2254, the Rules Governing Section 2254 cases nevertheless apply. *See* Rule 1(b).

In his habeas corpus petition, Clark argues that the trial court's application of the career-offender enhancement was erroneous in light of the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). "A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion is now barred as "second or successive." *See United*

*States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present [his] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

As part of the showing that he could not have raised his challenge previously, a petitioner must generally show that he seeks to apply a new rule of law that applies retroactively to cases on collateral review. *See Dunklin v. Wilson*, No. 13-CV-2411 (PJS/JSM), 2014 WL 5464250, at *4 (D. Minn. Oct. 27, 2014). The principle of law set forth in *Mathis* — which concerns the circumstances and extent to which district courts may review underlying documents to determine whether a defendant's prior convictions constitute predicate offenses — is not a new rule at all. *See, e.g.*, *Washington v. United States*, ___ F.3d ___, 2017 WL 2979160, at *2 (2d Cir. 2017) (finding that *Mathis* did not set forth a "new rule"); *United States v. Taylor*, 672 Fed. App'x 860, 864 (10th Cir. 2016) (same). As the Supreme Court itself noted, it had already stated the "essential rule" underpinning *Mathis* "more than a quarter century ago." *Mathis*, 136 S. Ct. at 2251 (citing *Taylor v. United States*, 495 U.S. 575, 601 (1990)); *Taylor*, 672 Fed. App'x at 864 (noting that the holding in *Mathis* was dictated by precedent). Although the case itself had not yet been decided by the Supreme Court, Clark could have relief on the "essential rule" of *Mathis* at any time previously: before the trial court at sentencing, or on direct appeal, or in a previous motion for relief under 28 U.S.C. § 2255. It is now too late for Clark to invoke the longstanding principles of law clarified by *Mathis* in seeking habeas corpus relief. *See Abdullah*,

392 F.3d at 963; *cf. Abed v. Bledsoe*, 473 Fed. App'x 106 (3d Cir. 2012) (per curiam) (finding that prisoner could not seek habeas corpus relief from his conviction where principle relief upon was not a new rule of law); *Blake v. United States*, No. 17-CV-1108 (PJS/DTS), 2017 WL 265098, at *1 (D. Minn. June 20, 2017) ("*Mathis*, however, does not represent a change in the law . . . . Nothing prevented Blake from making *Mathis*-type arguments at an earlier stage in his criminal case or as part of his motion under 28 U.S.C. § 2255.").[2]

Clark raises an altogether different claim in his motion for habeas corpus relief, arguing, in essence, that the evidence presented at trial was insufficient to convict and that his defense counsel was ineffective for having failed to raise insufficiency-of-the-evidence claims. *See* ECF No. 4. But again, no new rule of law (or newly discovered evidence) is implicated by the claims presented by Clark in his habeas corpus motion; Clark could have challenged on direct appeal the sufficiency of the evidence, and he could have attacked in a motion for collateral relief under § 2255 his attorney's competence for having failed to challenge the sufficiency of the evidence. This is the wrong forum for Clark to present his claims. *See* 28 U.S.C. § 2255(e).

Accordingly, it is hereby recommended that this matter be dismissed without prejudice for lack of jurisdiction. It is further recommended that Clark's motion for appointment of counsel be denied; "there is neither a constitutional nor statutory right to counsel in habeas

---

[2]Even if Clark could present a claim for relief under *Mathis* in his habeas corpus petition, his claim appears to be without merit. Clark was found to be a career offender under the Sentencing Guidelines on account of two prior felony drug convictions under 720 ILCS 570/401. Clark does not explain how *Mathis* calls those convictions into question as qualifying predicate offenses, and by all indications, those convictions fit squarely within the definition of "controlled substance offense" (one of the categories of qualifying predicate offenses) found in U.S.S.G. § 4B1.2. *See also United States v. Barbosa*, No. 16 C 9289, 2016 WL 5792543, at *1 (N.D. Ill. Oct. 4, 2016).

proceedings," *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), and there is nothing an appointed attorney could do to helpfully assist Clark in presenting his claims in this forum. Finally, Clark has requested *in forma pauperis* ("IFP") status in these proceedings. *See* ECF No. 2. Because an IFP application should be denied where a habeas corpus petition cannot be entertained, *see Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam), this Court recommends that the pending IFP application be denied as well.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Timothy Benard Clark's petition for a writ of habeas corpus [ECF No. 1] be DISMISSED WITHOUT PREJUDICE.

2. Clark's motion pursuant to 28 U.S.C. § 2241 [ECF No. 4] be DENIED WITHOUT PREJUDICE.

3. Clark's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

4. Clark's motion for appointment of counsel [ECF No. 3] be DENIED.

Dated:   July 25, 2017

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).