# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy Bernard Clark,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | Case No. 17-cv-02040 (SRN/DTS)<br><br>**MEMORANDUM OPINION AND ORDER** |

Timothy Bernard Clark, *Pro Se* Petitioner.

Ana H. Voss and Ann M. Bildtsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court for consideration of Petitioner's Objection [Doc. No. 6] to Magistrate Judge David T. Schultz's July 25, 2017 Report and Recommendation [Doc. No. 5] ("R&R"). The Magistrate Judge recommended that: (1) Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] ("Petition") be dismissed with prejudice; (2) Petitioner's Motion Pursuant to Title 28 U.S.C. § 2241 to Vacate, Set Aside or Correct Sentence [Doc. No. 4] ("Motion Pursuant to § 2241") be denied; (3) Petitioner's application to proceed *in forma pauperis* [Doc. No. 2] be denied; and (4) Petitioner's Motion for appointment of

1

counsel [Doc. No. 3] be denied. For the reasons set forth below, the Court overrules Petitioner's Objection and adopts the R&R in its entirety.

## II. BACKGROUND

The R&R documents the relevant factual and procedural background of this case, and the Court incorporates it by reference. Briefly stated, Petitioner Timothy Clark ("Petitioner") is currently imprisoned at the Federal Medical Center in Rochester, Minnesota. (Petition, at 2.) In 2007, he was convicted in the United States District Court for the Western District of Wisconsin of one count of possession of cocaine base with intent to distribute and one count of conspiracy to possess cocaine base with intent to distribute. (*Id.*) At sentencing, the trial court determined that Petitioner was a career offender under § 4B1.1 of the United States Sentencing Guidelines. (*Id.* at 3.) Petitioner was sentenced to a 360-month term of imprisonment. (*Id.* at 2.)

On June 14, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus and Motion Pursuant to § 2241 in the United States District Court for the District of Minnesota, seeking to vacate, set aside, or correct his federal sentence based, in part, on *Mathis v. United States*, 136 S. Ct. 2243 (2016). (*See* Petition, at 3; *see also* Motion Pursuant to § 2241.) Petitioner also requested leave to proceed *in forma pauperis* and moved for appointment of counsel.

On July 25, 2017, the Magistrate Judge recommended that Petitioner's Motions be denied and that his Petition be dismissed with prejudice. (R&R, at 5.) On August 9, 2017, Petitioner filed his Objection to the Magistrate Judge's R&R. (Objection under LR 72.2(b)(1) [Doc. No. 6] ("Objection").)

2

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D. Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Applicable Law

A federal prisoner generally must challenge his sentence through a motion under 28 U.S.C. § 2255, and he may not employ the habeas remedy of 28 U.S.C. § 2241 unless he demonstrates that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). This § 2255(e) savings clause enabling § 2241 relief is "narrowly[ ]circumscribed." *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002). To establish that a remedy is inadequate or ineffective, "there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. This means that a federal prisoner cannot raise an issue in a § 2241 motion that could have been addressed in the § 2255 motion filed in the sentencing district. *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). The savings clause does not apply unless the prisoner shows that he "never had an unobstructed procedural opportunity to raise the claim." *Abdullah*, 392 F.3d at 960.

**C. Jurisdiction**

The Magistrate Judge reasoned that the Court does not have subject matter jurisdiction over this claim because Petitioner has not demonstrated that the remedy provided by 28 U.S.C. § 2255 was "inadequate or ineffective to test the legality of his detention." (R&R, at 2 (quoting 28 U.S.C. § 2255(e)).) The Magistrate Judge determined that Petitioner's reliance on *Mathis* is misplaced, because *Mathis* did not create a new rule of law that Petitioner could not have raised in his § 2255 motion. (*Id.* at 3.) Because Petitioner did have an earlier opportunity to present his claim, the Magistrate Judge concluded that the savings clause does not apply and the Court does not have jurisdiction. (*Id.* at 3-4.)

Petitioner objects to the Magistrate Judge's recommendation that his claim under *Mathis* be dismissed. (Objection, at 2.) Petitioner contends that the Court ought to consider the Seventh Circuit's case law interpreting the § 2255 savings clause, and apply it to find that *Mathis* put forth a new statutory interpretation that Petitioner could not reasonably have raised in his § 2255 motion. (*Id.* at 2-4 (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).)

This argument fails because, even under the Seventh Circuit law that Petitioner encourages the Court to apply, his claim does not trigger the § 2255(e) savings clause. As the Seventh Circuit stated in *In re Davenport*, "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. The Magistrate Judge determined that the law

4

did not change after Petitioner's § 2255 motion, and thus that Petitioner did have a reasonable opportunity to obtain judicial relief. (R&R, at 3.) As the Supreme Court noted, it had already stated the "essential" principle of law underpinning *Mathis* "more than a quarter century ago." 136 S. Ct. at 2251; *see also United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("*Mathis* did not announce a new rule."); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (holding that *Mathis* did not set forth a new rule of constitutional law); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (same). Nothing prevented Petitioner from raising the essence of this claim in his § 2255 motion. (*See* R&R, at 3 (quoting *Mathis*, 136 S. Ct. at 2251).) Thus, Petitioner has not demonstrated that he "had no earlier procedural opportunity to present [his] claims." *Abdullah*, 392 F.3d at 693. The Court agrees with the Magistrate Judge's analysis on this point and adopts it in full. (*See* R&R, at 3-4.) For these reasons, the Court dismisses Petitioner's motion for § 2241 relief.[1]

---

[1] Petitioner also objects to the Magistrate Judge's recommendation that Petitioner's request to proceed *in forma pauperis* be denied. (Objection, at 2.) Aside from his argument that the Court has jurisdiction to hear this claim, however, Petitioner gives no reason why the Magistrate Judge's recommendation is wrong. (*Id.*) In light of the Court's conclusion that it does not have jurisdiction to hear his claim, Petitioner's objection is overruled. (*See* R&R, at 5 (citing *Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996)).)

## IV. ORDER

The Court **OVERRULES** Petitioner's Objection [Doc. No. 6] and **ADOPTS** the Magistrate Judge's July 25, 2017, Report and Recommendation [Doc. No. 5]. Accordingly,

**IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE**;

2. Petitioner's Motion Pursuant to Title 28 U.S.C. § 2241 to Vacate, Set Aside or Correct Sentence [Doc. No. 4] is **DENIED**;

3. Petitioner's request to proceed *in forma pauperis* [Doc. No. 2] is **DENIED**; and

4. Petitioner's motion for appointment of counsel [Doc. No. 3] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 16, 2017        **s/ Susan Richard Nelson**
                               SUSAN RICHARD NELSON
                               United States District Court Judge